

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| NIKE, INC. | ) | **Civil Action No. 08-5840** |
|  | ) | O8cv5840 |
| Plaintiff, | ) | **Judge William J. Hibbler** |
|  | ) | |
| v. | ) | **Magistrate Michael T. Mason** |
|  | ) | |
| WAL-MART STORES, INC. | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## PROTECTIVE ORDER GOVERNING USE AND
## DISCLOSURE OF CONFIDENTIAL INFORMATION

It is hereby ORDERED that the terms and conditions of this Protective Order Governing Use

and Disclosure of Confidential Information ("Protective Order") shall control the handling of all

confidential information, documents, or things exchanged in this litigation.  Any and all such

information shall be used exclusively for purposes of this litigation.

It is further ORDERED as follows:

## 1.    DESIGNATION OF CONFIDENTIAL MATERIALS

A.    Any party or non-party in this action may designate information, documents, or things

produced, used, or disclosed in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

and thereby render them subject to the protections and requirements of this Protective Order.  Only

information, documents, or things that a party believes in good faith contain information that is not

available to or accessible by the general public may be designated "CONFIDENTIAL."  Only

information, documents, or things that a party believes in good faith contain trade secrets or other non-

public, confidential, valuable information, including non-public research and development

information, technical information, marketing information, and financial information, the disclosure of which would damage the disclosing party's competitive position, may be designated "HIGHLY CONFIDENTIAL."

Copies or excerpts of information contained within, or summaries, notes or charts containing any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated in accordance with this Protective Order.

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not include any information, document, or thing which:

(i)     at the time of the disclosure hereunder is available to the public; or

(ii)     after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

(iii)     the receiving party can show: (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

B.     Any information, document, or thing that any party wishes to protect against unauthorized disclosure or use shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by having stamped or affixed thereon the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If material cannot be so labeled, it shall be designated in a manner to be agreed upon. Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation that is inadvertently omitted during production may be corrected by providing counsel for all parties with written notice as soon as such omission is determined.

C.     Portions of deposition transcripts may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any party or any deponent either (a) during the deposition, in which case the

2

transcript of the designated testimony shall be bound in a separate, sealed volume and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the reporter, or (b) by written notice to all counsel of record within ten (10) days after the deponent or its counsel receives the transcript. In the event that a party fails to designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" during a deposition, but provides written notice of such designations to the other party within the subsequent ten (10) day period referenced above, if such designated material is used or disclosed by such other party following the deposition and before actually receiving such written notice, the party shall not be deemed to have violated this Protective Order for such use or disclosure, even if the material is later designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided that the party exercises commercially reaonsable efforts to reacquire any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material that was disclosed to individuals who are not authorized to review such material under Section 2 below. In the event a party designates an entire deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the party so designating the transcript shall, unless otherwise agreed among the parties, have thirty (30) days after its receipt of the transcript to designate and specify in writing to the other party which portions of the transcript qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order.

D.      If inspection, measuring, testing, sampling, photographing, or otherwise recording of a party's processes, products, equipment, premises, or other property pursuant to Federal Rule of Civil

3

Procedure 34, or by agreement, will reveal or disclose information that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling, photographing, or recording, that such discovery will be performed subject to the terms of this Protective Order, and that material discovered and the information derived from that material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If photographing or recording of premises, products, equipment, processes, or other property is made, the pictures or recordings, if appropriate under the terms of this Protective Order, shall bear the appropriate legend on the photograph or videotape itself, and on any exterior packaging for the photo(s)/video(s).

E.    Documents and things produced for inspection for the purpose of allowing selection of documents and things for copying shall be treated as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order until copies of the documents and things are produced, at which time they shall be handled pursuant to this Protective Order based upon the designation, if any, of the producing party. The producing party shall have twenty (20) days from its receipt of the identification of such materials to specify which documents and/or things are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## 2.    RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS

A.    No information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Protective Order. No person shall use any material or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except for purposes of defending or prosecuting this action and any appeals of this action.

B.      Subject to section 2.D, and any further order of the Court, information or material designated as "HIGHLY CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)      Outside attorneys of record for each party, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegal assistants, stenographic, and clerical employees working under the direct supervision of such attorneys;

(ii)     Independent experts and consultants who are expressly retained or sought to be retained by any attorney to assist in the preparation or trial of this action, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any regular employee or agent of the receiving party. A party who retains an independent expert or consultant must notify all other parties in writing of the name of the person(s) to whom disclosure is to be made, providing at that time an executed declaration in the form attached hereto as Exhibit A, together with a current copy of the curriculum vitae of the expert(s) to whom such disclosure is to be made. No designated information shall be disclosed to any independent experts or consultants until at least ten (10) business days have lapsed following the notice to all other parties of the expected disclosure to the proposed experts or consultants. If a party makes a written objection to the proposed independent expert or consultant within the ten day period, no disclosure of designated information may be made to the proposed independent expert or consultant pending a negotiated, written resolution of the objection or an appropriate, further order of the Court;

(iii)    Court reporters, stenographers, and/or videographers transcribing or otherwise recording the testimony or argument at a hearing, trial, or deposition in this case or any appeal;

(iv)     The Court or its staff in connection with the Court's administration and adjudication of this action;

(v)     Photocopy, document imaging, and database service providers and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(vi)    Graphics, simulation, translation, demonstrative exhibits, and design providers, who first execute an undertaking in the form attached hereto as Exhibit A;

(vii)   Pursuant to this sub-section, the parties may also agree to disclose specific information or material designated as "HIGHLY CONFIDENTIAL" to any other individuals who are mutually agreed upon in writing by the parties hereto, or who are approved by the Court upon motion by either party.

C.      Subject to section 2.D, and any further order of the Court, information or material designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)     Those persons identified in Section 2.B.i through 2.B.vii above; and

(ii)    The parties to this action and their employees thereof provided that such disclosure is provided and needed solely to assist in the prosecution or defense of this action and that such information is maintained in separate and identifiable files, physical or electronic, access to which is restricted to authorized persons.

D.      The designation of any document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not preclude any party from showing the document to any person (a) who appears as the author or as an addressee on the face of the document (unless it is shown that the person did not receive the document), or (b) who has been identified by the designating party as having been provided with the document or with the information therein. The producing party may disclose the producing party's "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information to the

producing party's employees, ex-employees, and/or 30(b)(6) designees without waiving the confidential nature of the information, provided that, with respect to ex-employees, the ex-employee was employed by the producing party at the time the confidential information was created.

Nothing contained in this Protective Order shall affect the right of the producing party to disclose or use for any purpose the documents or information produced and/or designated by it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

E.    In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

3.    **FILING DESIGNATED MATERIALS**

In the event that a party wishes to use any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in any paper filed with the Court in this litigation, which comprise, excerpt, reproduce, paraphrase, or contain designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, or information taken therefrom, the party shall comply with Local Rule 5.8.

4.    **CANCELLATION OF DESIGNATION**

The receiving party and any interested party may request the designating party to redesignate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. Such request shall be by written notice to counsel for the designating party. The written notice shall particularly identify the subject matter or document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that the receiving party seeks to have redesignated. The parties shall work together in good faith to resolve all redesignation requests on an informal basis. If the dispute cannot be resolved informally within five

(5) business days after the designating party's receipt of such written notice, a motion for further disclosure or redesignation may be filed with the Court. Pending the Court's determination of any motion contesting a confidential designation, the material shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as indicated by the designating party. Thereafter, such material shall be treated in accordance with the Court's order.

5.   **NOTICE**

All notices required by this Protective Order are to be served via email with confirmation by first class U.S. mail to the appropriate attorney(s) at Banner & Witcoff, Ltd., Bryan Cave LLP, and Pugh, Jones, Johnson & Quandt. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the email was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

6.   **DISPOSITION OF DESIGNATED MATERIALS UPON TERMINATION OF CASE**

A.   Termination of proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.

B.   With respect to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that has been filed with the Court, including all copies or summaries of or excerpts thereof, it is the parties' responsibility to ensure that the clerk returns all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials to the filing party in accordance with the procedures set forth in Local Rule 26.2(g).

C.   Within 45 days after the final adjudication of this litigation including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall either: (a) assemble and return all confidential material, including

8

all copies thereof, to the party or person from whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material was obtained; or (b) certify in writing that all such material has been destroyed, except that counsel for the parties may retain, in their sole discretion, all court papers, court and deposition transcripts, exhibits, and attorney work product, provided that such documents will be held for their internal use only, subject to the continuing obligations imposed by this Protective Order. A party need not destroy or discard documents that it designated hereunder.

## 7. AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT

This Protective Order may be changed by further order of the Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

## 8. THIRD PARTY SUBPOENAS OR REQUESTS

If a third party subpoenas or requests information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order, the receiving party shall not produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information before providing written notice of the subpoena or request to the producing party and the producing party has had a reasonable opportunity to intervene and/or oppose the third party's subpoena or request if it chooses. Nothing in this Protective Order prevents a party who receives a subpoena or request from a third party from disclosing/producing the documents or information that it designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## 9. PRODUCTION OF DOCUMENTS AND THINGS

A. The parties will produce non-privileged, responsive electronically stored information ("ESI"), in their possession or control, to the extent that it exists, in either format set forth below:

(i) ESI may be produced in native format. If ESI is produced in native format, the

producing party will index and assign unique production numbers to its ESI production files. In addition, the producing party must, as appropriate, designate each ESI document as CONFIDENTIAL or HIGHLY CONFIDENTIAL, in accordance with the terms of this Protective Order, at the time of production by segregating such documents into separately labeled folders which shall contain only (a) CONFIDENTIAL documents, (b) HIGHLY CONFIDENTIAL documents, or (c) documents which are not designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(ii)   ESI may be produced as single-page, black & white, 300 dpi, tiff image files utilizing Group 4 compression. The ESI metadata will be produced with a load file in (.dat), (.csv), or (.txt) (the preceding to be delivered with Concordance default delimiters) format, which contains all of the fields and information required under this Protective Order. The ESI will further be produced with an image link file in (.lfp) and (.opt) format, which will contain a line for every image produced which correlates with the image name indicated in the above-referenced load file, along with a path to the image file. In addition, each image link file should indicate document breaks. The image files must be segregated into separately labeled folders, with each folder not to exceed 500 images. If ESI is produced in this format, each ESI file will be accompanied by a corresponding extracted text searchable file and the following metadata: date, author/sender, recipient/cc/bcc, and title/subject (e.g., for email files), and/or file name, file path, author, date created, date last modified (e.g., for non-email files). Metadata for email and non-mail files should also include,

where available, document parent/child information in field coding generally in the form of "parentID" and "attachID." In addition, if ESI is produced in this format, the producing party must, as appropriate, designate and label each document as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production, in accordance with the terms of this Protective Order. The parties agree that if ESI is produced in the format specified under this Section 9.A.ii, the other party shall have the right to request native files and/or additional metadata from the producing party on a case-by-case basis, and the parties will work in good faith to resolve any such requests or issues.

B.      The parties will produce non-ESI documents in either hard copy formats or, in their discretion, as imaged files in single-page (black & white) tiff format utilizing Group 4 compression, 300 dpi, with document boundaries identified via accompanying Opticon load file(s).

## 10.    **GENERAL PROVISIONS**

A.      The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information pursuant to this Protective Order shall not be construed as a concession by either party that such information is relevant or otherwise admissible under the Federal Rules of Evidence; that such information is confidential, proprietary, or a trade secret under the Illinois Trade Secrets Act, the Uniform Trade Secrets Act, or any other applicable trade secrets statutes; or that such information is properly discoverable under the Federal Rules of Civil Procedure.

B.      If any party discloses any document, information (including, but not limited to, electronically stored information), or tangible items that could have been withheld, in whole or in part, based on a claim of attorney-client privilege, work product immunity, or other applicable privilege or protection (a "Disclosure"; any information included in the Disclosure shall be referred to as

"Disclosed Material"), such disclosure does not waive any claim of attorney-client privilege, work product immunity, or other applicable privilege or protection, nor does such disclosure result in a subject matter waiver of any kind.   In addition, the following procedures shall govern such a Disclosure:

(i)     If a party notifies the receiving party of a Disclosure, the receiving party must, within five (5) business days, return or destroy the Disclosed Material and any paper or electronic copies, and the receiving party may not use or disclose in any way the Disclosed Material.  The receiving party shall also destroy all summaries of or notes relating to the Disclosed Material.

(ii)    To the extent that the Disclosed Material has already been used in or described in other documents generated or maintained by the receiving party, the receiving party will sequester all such documents.  If the receiving party disclosed or disseminated the Disclosed Material before being notified of the Disclosure, it must take reasonable steps to retrieve the Disclosed Material, and must notify any persons who received the Disclosed Material of the Disclosure.

(iii)   If a receiving party discovers that it has received either attorney-client privileged or work product materials, then the receiving party will notify the producing party immediately upon such discovery.

(iv)    After the return of the Disclosed Material described in Paragraph (i) above, the producing party shall provide the receiving party with a privilege log for any Disclosed Material.

(v)     Nothing in this section shall prevent a party from seeking an order compelling production, though the party shall not assert waiver due to the Disclsoure as a

12

ground for entering such an order, nor shall the party assert the facts or circumstances related to the Disclosure, including any facts or other information gained from the Disclosed Material.

(vi)   The producing party shall retain copies of all documents, information, or tangible items returned as described in Paragraph (i) above.

C.   If a party through inadvertence produces or provides any information, document, or thing without labeling, marking, or designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing party may give written notice to the receiving party or parties that the information, document, or thing is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must treat such information, documents, or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" from the date such notice is received. Disclosure of such information, documents, or things prior to receipt of such notice to persons not authorized to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Protective Order.

D.   Nothing in this Protective Order shall bar or otherwise restrict any qualified attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

E.   Breach of a party's obligations of non-disclosure or non-use may result in a finding of contempt of court, the imposition of sanctions, and subject the breaching party to liability for claims of unfair competition and trade secret misappropriation.

F.      Nothing herein shall be deemed to limit a party's rights in the event of a violation of this Protective Order.

G.      This Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), to the extent information designated hereunder remains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

H.      No party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of this lawsuit which, absent this provision, the party would have been obligated to so identify on said privilege log.

I.      Draft expert reports shall not be discoverable or admissible. This applies to all draft expert reports regardless of whether they are in paper or electronic form. This provision does not apply to any information an expert relies upon in forming his or her opinions.

Dated:  April 20, 2009

Respectfully submitted,

By: /s/ Michael L. Krashin
Christopher J. Renk (06199012)
    crenk@bannerwitcoff.com
Erik S. Maurer (06275467)
    emaurer@bannerwitcoff.com
Michael L. Krashin (06286637)
    mkrashin@bannerwitcoff.com
BANNER & WITCOFF, LTD.
10 S. Wacker Drive – Suite 3000
Chicago, Illinois  60606
Telephone:  (312) 463-5000
Facsimile:   (312) 463-5001

**Attorneys for Plaintiff
NIKE, Inc.**

By: /s/ Mark A. Paskar (with permission
Michael L. Krashin)
David A. Roodman
    daroodman@bryancave.com
Mark A. Paskar
    mapaskar@bryancave.com
James B. Surber
    jbsurber@bryancave.com
    (pro hac vice motion pending)
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Walter Jones, Jr.
    wjones@pjjq.com
Jonathan Cifonelli
    jcifonelli@pjjq.com

Pugh, Jones, Johnson & Quandt, P.C.
180 North LaSalle Street
Suite 3400
Chicago, IL 60601
Telephone: (312) 768-7800
Facsimile: (312) 768-7801

**Attorneys for Defendant
Wal-Mart Stores, Inc.**

SO ORDERED:

Dated: _4/24/09_, 2009

_____
HONORABLE WILLIAM J. HIBBLER
UNITED STATES DISTRICT JUDGE

**- Exhibit A -**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NIKE, INC. | ) | Civil Action No. 08-5840 |
| | ) | |
| Plaintiff, | ) | Judge William J. Hibbler |
| | ) | |
| v. | ) | Magistrate Michael T. Mason |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

UNDERTAKING OF _____

1.    My business address is_____

_____.

2.    My present employer is_____

_____.

3.    All entities to whom I am currently providing services, including, but not limited to,

consulting services, expert witness services, and other services, are_____

_____.

4.    My present occupation or job description is_____

_____.

5.    My past and present relationships with the party retaining my services and the

other parties to this action are_____

_____.

6.    A current copy of my curriculum vitae is attached.

Exhibit A

7.      I have received a copy of the Protective Order in this action, and I have read and understand the provisions of the Protective Order.

8.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order any materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" which are disclosed to me.

9.      I will comply with all provisions of the Protective Order.

10.     I agree that within thirty (30) days of the litigation ending, I will return all materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and any materials that I have prepared relating thereto, to the party for whom I was employed or retained.

11.     I hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of assuring my compliance of and the enforcement of this Protective Order.

Dated: _____          By:_____
                                            (signature)