UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKE, INC. ) | Civil Action No. 08-5840 |
| ) | |
| Plaintiff, ) | Judge William J. Hibbler |
| ) | |
| v. ) | Magistrate Michael T. Mason |
| ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |

**NIKE, INC.'S FIRST AMENDED ANSWER TO WAL-MART STORES, INC.'S
COUNTERCLAIMS AND FIRST AMENDED AFFIRMATIVE DEFENSES**

Plaintiff Nike, Inc. ("NIKE") states as follows for its First Amended Answer to Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart's") Counterclaims and Affirmative Defenses.

**Initial Statement**

Wal-Mart filed its initial Answer and Affirmative Defenses on December 16, 2008. Subsequently, Wal-Mart filed Counterclaims on March 24, 2009, and NIKE filed its Answer to those Counterclaims on April 3, 2009. Most recently, Wal-Mart filed its First Amended Affirmative Defenses on June 9, 2009, and incorporated by reference both its Initial Answer and its Counterclaims. Accordingly, NIKE is filing this First Amended Answer to respond to Wal-Mart's latest pleading.

**COUNTERCLAIMS**

**Nature of Action**

1. This Counterclaim seeks, *inter alia,* judgments declaring that the claims of United States Design Patent Nos. D498,914 and D499,248 (collectively, the "Patents-in-Suit") are not infringed by Wal-Mart and/or are invalid.

**ANSWER:** NIKE admits that Wal-Mart's counterclaims seek judgments that the claims of NIKE's United States Design Patent Nos. D498,914 and D499,248 ("the Patents-in-Suit") are not infringed by Wal-Mart and/or are invalid, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 38 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**ANSWER:** NIKE admits that the Court has subject matter jurisdiction over Wal-Mart's counterclaims, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims. NIKE also admits that venue is proper in this judicial district.

### The Parties

3. Wal-Mart is a Delaware corporation having a principal place of business in Bentonville, Arkansas.

**ANSWER:** Admitted.

4. Upon information and belief, Counterclaim-Defendant Nike, Inc. is a corporation organized and existing under the laws of the State of Oregon and has a principal place of business at One Bowerman Drive, Beaverton, Oregon, 97005.

**ANSWER:** Admitted.

### Acts Giving Rise to the Counterclaim

5. On October 13, 2008, Nike commenced a civil lawsuit against Wal-Mart alleging that Wal-Mart infringed and is infringing upon the Design Patents-in-Suit, by offering for sale and selling a type of shoe known as the "DETRA" shoe.

**ANSWER:** NIKE admits that it filed a lawsuit against Wal-Mart alleging that Wal-Mart has infringed and continues to infringe the Patents-in-Suit, at least by selling and offering to sell the Infringing Shoes (as defined in NIKE's Complaint) without NIKE's authorization or license.

NIKE lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 5, and therefore they are denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

6. By such action, Nike has created an actual and justiciable case and controversy between itself and Wal-Mart concerning whether the shoe design Nike has accused infringes either of the Design Patents-in-Suit and, further, whether the Design Patents-in-Suit are valid.

**ANSWER:** NIKE admits that an actual controversy exists between NIKE and Wal-Mart, but NIKE denies that the Patents-in-Suit are invalid.

7. Wal-Mart has not infringed, and is not infringing, upon any claims, much less any valid claims, of the two Design Patents-in-Suit.

**ANSWER:** Denied.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. D498,914

8. Wal-Mart incorporates by reference each and every allegation set forth in paragraphs 1 through 7 of this Counterclaim as if fully set forth and restated herein.

**ANSWER:** NIKE incorporates by reference its responses to the allegations in Paragraphs 1 through 7 of Wal-Mart's counterclaims as if fully set forth and restated herein.

9. The columns in the accused DETRA shoe are substantially different in appearance, shape, and design, from the claimed design in U.S. Design Patent No. D498,914.

**ANSWER:** Denied.

10. In the eye of an ordinary observer, the columns in the accused DETRA shoe would not be deemed to be substantially similar to the design claimed in U.S. Design Patent No. D498,914.

**ANSWER:** Denied.

11. Further, an ordinary observer would not be deceived into believing that the columns in the accused DETRA shoe are substantially the same, much less the same, as the claimed design in U.S. Design Patent No. D498,914.

**ANSWER:** Denied.

12. No ordinary observer would be induced into believing that the accused DETRA shoe design is the same as a shoe employing the design claimed in U.S. Design Patent No. D498,914.

**ANSWER:**   Denied.

13. The accused DETRA design does not infringe upon the sole claim of U.S. Design Patent No. D498,914.

**ANSWER:**   Denied.

14. Wal-Mart requests that the Court declare that the accused DETRA design does not infringe upon the sole claim of U.S. Design Patent No. D498,914.

**ANSWER:**   NIKE does not believe that Paragraph 14 contains allegations to which a response is required or contemplated by the Federal Rules of Civil Procedure.  To the extent a response is required, NIKE admits that Wal-Mart has requested a declaration of non-infringement in its counterclaims, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims.

15. Wal-Mart requests that the Court declare that Wal-Mart has not infringed and is not infringing upon the sole claim of U.S. Patent No. D498,914.

**ANSWER:**   NIKE does not believe that Paragraph 15 contains allegations to which a response is required or contemplated by the Federal Rules of Civil Procedure.  To the extent a response is required, NIKE admits that Wal-Mart has requested a declaration of non-infringement in its counterclaims, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. D498,914

16. Wal-Mart incorporates by reference each and every allegation set forth in paragraphs 1 through 15 of this Counterclaim as if fully set forth and restated herein.

**ANSWER:** NIKE incorporates by reference its responses to the allegations in Paragraphs 1 through 15 of Wal-Mart's counterclaims as if fully set forth and restated herein.

    17.    Upon information and belief, the only claim of U.S. Design Patent No. D498,914 is invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* for one or more of the following reasons, as well as others hereinafter set forth or which Wal-Mart may hereafter discover or otherwise become informed:

    (a)    The alleged invention was not new before the applicant's alleged conception and/or reduction to practice;

    (b)    The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent;

    (c)    The alleged invention was patented or described in a printed publication in this or a foreign country, or was in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

    (d)    The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent;

    (e)    The patentees did not themselves invent the subject matter claimed;

    (f)    The patentees abandoned the alleged invention;

    (g)    Before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

    (h)    The difference between the subject matter sought to be patented in the '914 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

    (i)    The alleged invention does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentees; and

    (j)    The alleged invention is purely functional.

**ANSWER:**    Denied.

    18.    Wal-Mart requests that the Court declare that U.S. Design Patent No. D498,914 is invalid.

**ANSWER:** NIKE does not believe that Paragraph 18 contains allegations to which a response is required or contemplated by the Federal Rules of Civil Procedure. To the extent a response is required, NIKE admits that Wal-Mart has requested a declaration of invalidity in its counterclaims, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. D499,248

19. Wal-Mart incorporates by reference each and every allegation set forth in paragraphs 1 through 18 of this Counterclaim as if fully set forth and restated herein.

**ANSWER:** NIKE incorporates by reference its responses to the allegations in Paragraphs 1 through 18 of Wal-Mart's counterclaims as if fully set forth and restated herein.

20. The columns in the accused DETRA shoe are substantially different in appearance, shape, and design, from the claimed design in U.S. Design Patent No. D499,248.

**ANSWER:** Denied.

21. In the eye of an ordinary observer, the columns in the accused DETRA shoe would not be deemed to be substantially similar to the design claimed in U.S. Design Patent No. D499,248.

**ANSWER:** Denied.

22. Further, an ordinary observer would not be deceived into believing that the columns in the accused DETRA shoe are substantially the same, much less the same, as the claimed design in U.S. Design Patent No. D499,248.

**ANSWER:** Denied.

23. No ordinary observer would be induced into believing that the accused DETRA shoe design is the same as a shoe employing the design claimed in U.S. Design Patent No. D499,248.

**ANSWER:** Denied.

24. The accused DETRA design does not infringe upon the sole claim of U.S. Design Patent No. D499,248.

**ANSWER:**   Denied.

25.   Wal-Mart requests that the Court declare that the accused DETRA design does not infringe upon the sole claim of U.S. Design Patent No. D499,248.

**ANSWER:**   NIKE does not believe that Paragraph 25 contains allegations to which a response is required or contemplated by the Federal Rules of Civil Procedure.  To the extent a response is required, NIKE admits that Wal-Mart has requested a declaration of non-infringement in its counterclaims, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims.

26.   Wal-Mart requests that the Court declare that Wal-Mart has not infringed and is not infringing upon the sole claim of U.S. Patent No. D499,248.

**ANSWER:**   NIKE does not believe that Paragraph 26 contains allegations to which a response is required or contemplated by the Federal Rules of Civil Procedure.  To the extent a response is required, NIKE admits that Wal-Mart has requested a declaration of non-infringement in its counterclaims, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. D499,248

27.   Wal-Mart incorporates by reference each and every allegation set forth in paragraphs 1 through 26 of this Counterclaim as if fully set forth and restated herein.

**ANSWER:**   NIKE incorporates by reference its responses to the allegations in Paragraphs 1 through 26 of Wal-Mart's counterclaims as if fully set forth and restated herein.

28.   Upon information and belief, the only claim of U.S. Design Patent No. D499,248 is invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* for one or more of the following reasons, as well as others hereinafter set forth or which Wal-Mart may hereafter discover or otherwise become informed:

(a)   The alleged invention was not new before the applicant's alleged conception and/or reduction to practice;

  (b) The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent;

  (c) The alleged invention was patented or described in a printed publication in this or a foreign country, or was in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

  (d) The alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent;

  (e) The patentees did not themselves invent the subject matter claimed;

  (f) The patentees abandoned the alleged invention;

  (g) Before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

  (h) The difference between the subject matter sought to be patented in U.S. Design Patent No. D499,248 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

  (i) The alleged invention does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentees; and

  (j) The alleged invention is purely functional.

**ANSWER:** Denied.

  29. Wal-Mart requests that the Court declare that U.S. Design Patent No. D499,248 is invalid.

**ANSWER:** NIKE does not believe that Paragraph 29 contains allegations to which a response is required or contemplated by the Federal Rules of Civil Procedure. To the extent a response is required, NIKE admits that Wal-Mart has requested a declaration of invalidity in its counterclaims, but NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims.

\*\*\*

NIKE denies all of Wal-Mart's allegations not specifically admitted above. In addition, NIKE repeats its Prayer for Relief set forth in its Complaint, and NIKE denies that Wal-Mart is entitled to any relief under any of its counterclaims or its affirmative defenses.

Respectfully submitted,

Dated: June 18, 2009

By: /s/ Michael L. Krashin
Christopher J. Renk (06199012)
   *crenk@bannerwitcoff.com*
Erik S. Maurer (06275467)
   *emaurer@bannerwitcoff.com*
Michael L. Krashin (06286637)
   *mkrashin@bannerwitcoff.com*
BANNER & WITCOFF, LTD.
10 S. Wacker Drive – Suite 3000
Chicago, Illinois  60606
Telephone:  (312) 463-5000
Facsimile:   (312) 463-5001

**Attorneys for Plaintiff**
**NIKE, Inc.**

**CERTIFICATE OF SERVICE**

I certify that on June 18, 2009, I electronically filed the foregoing NIKE, INC.'S AMENDED ANSWER TO WAL-MART STORES, INC.'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES through the Court's ECF system, which will send an electronic notice of filing to all counsel of record who are registered ECF users.

/s/ Michael L. Krashin
FOR NIKE, INC.